ARRECHE ET AL., DEMANDANTES Y APELADOS, v. PORTO RICO
RAILWAY LIGH & POWER COMPANY, DEMANDADA Y APE-
LANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección Primera, en un pleito sobre daños y perjuicios.

No. 2575.—Resuelto en febrero 1, 1923.

DAÑOS POR NEGLIGENCIA — PARTES DEMANDANTES — INDEBIDA ACUMULACIÓN DE
PARTES Y ACCIONES.—Una demanda reclamando daños y perjuicios por la
muerte de un hijo menor a causa de negligencia, en la que se establecen dos
causas de acción, una por el esposo y otra por la esposa con el concurso de
su marido, reclamando sentencia cada uno para sí, adolece del defecto de in-
debida acumulación de partes y de acciones. En tales casos sólo al padre,
de acuerdo con el artículo 60 del Código de Enjuiciamiento Civil, compete
el ejercicio de la acción.

Los hechos están expresados en la opinión.

Abogados de la apelante: Sres. *J. H. Brown, P. Amado
Rivera* y *M. Acosta Velarde.*

Abogado de los apelados: Sr. *M. Benítez Flores.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del
tribunal.

Se trata de una reclamación sobre daños y perjuicios oca-
sionados con motivo de la muerte de un niño, producida por
un carro eléctrico, el 15 de Noviembre de 1917.

Los demandantes son Eduardo Arreche y su esposa Ma-
ría Prados de Arreche y la demandada la corporación dueña
del tranvía. Se establecen en la demanda dos causas de ac-
ción, una por el marido y otra por la mujer con el concurso
de su marido. Se pide sentencia por doce mil dólares en
favor del demandante y diez mil en favor de la demandante.

Se adujo por la demandada, como excepciones previas,
la indebida acumulación de partes y de acciones, y la falta
de hechos suficientes para determinar una buena causa de
acción. Las excepciones fueron declaradas sin lugar. Con-
testó la demandada negando todas y cada una de las alega-
ciones de la demanda y alegando, por vía de defensa adicio-

nal a ambas causas de acción, la negligencia del niño, imputable a sus padres los demandantes.

Fué el pleito a juicio, practicándose una larga prueba, y la corte, por último, dictó la sentencia apelada por virtud de la cual se condenó a la demandada a pagar al demandante Arreche $7,880 y a la demandante Sra. de Arreche $7,000 con costas y honorarios de abogado.

Señala la apelante en su alegato la comisión de doce errores.

El primero se refiere a las excepciones previas. Comprende dos cuestiones, a saber: acumulación de acciones y de partes y falta de hechos.

Veamos la cuestión relativa a la acumulación. La apelante sostiene que:

"Aquí la demanda enmendada establece dos acciones una correspondiente al padre y la otra a la madre y la corte adoptando tal teoría realmente dicta dos sentencias concediendo una cantidad como indemnización del demandante y otra suma como indemnización de la demandante. Es un caso típico de indebida acumulación de partes y de indebida acumulación de acciones."

Los apelados discuten ampliamente en su alegato la cuestión, pero nada concreto aportan para la resolución del problema.

El juez sentenciador, se expresó, en su opinión, así:

"No tenemos duda de que el padre demandante en este caso puede recobrar daños por la muerte de su hijo basado en el artículo 60 del Código de Enjuiciamiento Civil, y además por el 1803 del Código Civil, y que la madre del demandante puede asimismo recobrar daños por la muerte de su hijo basada en las disposiciones del referido artículo 1803 del Código Civil, pues el artículo 60 antes citado no impide ni restringe su acción."

"El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado," dice el artículo 1803 del Código Civil Revisado.

Esa disposición legal es la misma que promulgó el le-

gislador español en el artículo 1902 del Código Civil antiguo. Y aplicándola, la Corte Suprema de España y la de Puerto Rico han reconocido que a virtud de ella pueden reclamarse los daños y perjuicios realmente causados a virtud de la muerte de una persona ocasionada por la culpa o negligencia de otra. Véanse las sentencias del Tribunal Supremo de España de 14 de diciembre de 1894, 76 J. C. 483 y. de la Corte Suprema de Puerto Rico en el caso *Díaz* v. *The San Juan Light & Transit Co.,* 17 D. P. R. 69, 74.

En 1904 el legislador portorriqueño adoptó un Código de Enjuiciamiento Civil de procedencia genuinamente americana que, en sus artículos 60 y 61, dice:

"Art. 60.—Un padre, o si éste hubiese muerto o abandonado a su familia, la madre, puede entablar demanda por daño causado a un hijo menor de edad, o por la muerte de éste, y un tutor por daño a un menor, o pupilo, o muerte de éste, cuando dicho daño o muerte se deba al acto ilegal o negligencia de otro. Dicha demanda podrá entablarse contra la persona causante del daño o muerte, y si dicha persona estuviese empleada por otra persona responsable de su conducta, también contra ésta.

"Art. 61.—Cuando la muerte de una persona mayor de edad fuere causada por el acto ilegal o negligencia de otra, sus herederos o representantes personales podrán entablar demanda por daños y perjuicios contra la persona causante de la muerte; y si dicha persona estuviere empleada por otra, responsable de su conducta, podrán también entablarla contra ésta. En toda demanda con arreglo a este artículo y al precedente, se regulará el importe de los daños y perjuicios que fueren justos vistas todas las circunstancias del caso."

La regla general contenida en el artículo 1803 se concretó, en cuanto a los casos fijados en los mismos, en los artículos 60 y 61 y son éstos, como última expresión y como disposición específica del pensamiento legislativo, los que deben aplicarse.

"Como el derecho de acción por daños resultantes de la muerte," dice *Corpus Juris,* "es enteramente estatutorio, tal acción debe establecerse en el nombre de la persona o

personas a quienes el derecho de acción es otorgado por el estatuto bajo el cual la acción se ejercita. Cuando existe un estatuto general y otro especial que concede el derecho por la muerte ilegal en determinadas clases de casos, el último es el que rige con respecto a cuál es la propia parte demandante en casos en que el estatuto especial controla el derecho a recobrar. Donde una preferencia es dada por el estatuto a ciertas personas, la acción debe presentarse por las personas autorizadas en el orden de preferencia.'' 17 C. J. 1262.

Siendo esto así, sólo al padre competía en este caso el ejercicio de la acción y la excepción de indebida acumulación de acciones y de partes debió ser declarada con lugar.

Por el motivo indicado se impone la revocación de la sentencia recurrida sin que haya necesidad de examinar los restantes errores señalados, pero, refiriéndonos a las excepciones previas solamente, nos parece oportuno consignar que de entrar en el examen de la segunda, quizá también nos hubiéramos visto obligados a declararla con lugar. Los hechos se alegan en una forma tan larga, vaga y confusa, que en realidad de verdad no surge de ellos, por lo menos con la claridad debida, el derecho que pueda existir a clamar daños y perjuicios a virtud de la muerte del niño Arreche.

Por virtud de lo expuesto debe revocarse la sentencia apelada, con permiso para enmendar la demanda dentro del término de cinco días contados a partir del en que esta sentencia sea registrada en la corte de distrito.

*Revocada la sentencia apelada y concedidos cinco días a los demandantes para enmendar la demanda.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.